601 A.2d 1339

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant,**

v.

**Kevin Alfred JOHNSON, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 15, 1991.

Decided Jan. 8, 1992.

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, for appellant.

Leanne L. Litwin, for appellee.

Before COLINS and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

■ This is an appeal by the Department of Transportation, Bureau of Driver Licensing (DOT) from an order of the Court of Common Pleas of Philadelphia County sustaining the appeal of Kevin Alfred Johnson concerning his motor vehicle driver's license suspension. The order of the court of common pleas is reversed.[1]

Johnson pleaded guilty to the offense of driving while operator's license is suspended under Section 1543 of the Vehicle Code, 75 Pa.C.S. § 1543. At his hearing on April 23, 1990, Johnson was not advised that by entering a guilty plea his license would be suspended for one year. In his *de novo* appeal to the trial court, Johnson testified that the underlying suspension of his driver's license was the result of a fraudulent use of that license by a third party. Nevertheless, he pleaded guilty to the offense of driving during suspension.

■ The trial court determined that the current suspension was invalid because the original suspension upon which this conviction rests was invalid since it was the

---

1. This Court's scope of review in a license suspension matter is limited to determining whether the trial court's findings of fact are supported by competent evidence, whether errors of law have been committed, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Emery*, 135 Pa. Commonwealth Ct. 274, 580 A.2d 909 (1990).

result of the third party's fraudulent use of Johnson's license. This reasoning is a clear error of law since we have repeatedly held that the only issues in a license suspension are whether the licensee was in fact convicted and whether DOT has acted in accordance with the applicable law. *Tarnopolski v. Department of Transportation, Bureau of Driver Licensing*, 138 Pa.Commonwealth Ct. 698, 589 A.2d 287 (1991). Further, as the Supreme Court indicated in *Commonwealth v. Bursick*, 526 Pa. 6, 584 A.2d 291 (1990), it is not proper in a license suspension appeal to attack the criminal conviction collaterally.

DOT satisfied its burden of proving the fact of the conviction and that it acted in accordance with the applicable law. Because the trial court committed a clear error of law when it held that the underlying suspension was an improper conviction, we reverse the court's order and reinstate the suspension imposed by DOT.

## ORDER

AND NOW, this 8th day of January, 1992, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed and the suspension imposed by the Department of Transportation, Bureau of Driver Licensing is hereby reinstated.