682 A.2d 802

**COMMONWEALTH of Pennsylvania**

v.

**Patricia BAER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 10, 1996.

Filed Aug. 8, 1996.

548

Darrell C. Dethlefs, Camp Hill, for appellant.

Jerry L. Spangler, Assistant District Attorney, Somerset, for Commonwealth, appellee.

Before BECK, KELLY and BROSKY, JJ.

KELLY, Judge.

In this appeal, we are called upon to determine whether evidence of the mailing by the Department of Transportation of notice of the suspension of an appellant's operator's license and the admission by the appellant of having received, and possibly read such notice, is sufficient to prove "actual notice" and thereby support a conviction pursuant to 75 Pa.C.S.A. § 1543(a), despite the appellant's claims of lack of understanding or mental competency at the time of receipt of notice. We hold that there was sufficient evidence to support the trial court's conclusion that the Commonwealth proved beyond a reasonable doubt that appellant had actual notice that her operating privilege was suspended. Accordingly, we affirm the judgment of sentence.

The relevant facts and procedural history of this case are as follows. On November 26, 1994, appellant, Patricia A. Baer, was stopped by Officer David L. Deist and Officer Sanner of the Somerset County Police Department for driving a vehicle with a faulty exhaust system. Appellant was able to produce a Pennsylvania photo operator's license, but after the officers checked her driving record, they received information which caused them to issue a citation to her for driving while her operator's license was suspended under 75 Pa.C.S.A. § 1543(a). At the time, appellant told the officers that she had received notice of the outstanding citation, had paid the fine and therefore believed that her operating privileges had been restored.[1]

At a hearing held over the course of three days before the Honorable Eugene E. Fike, III, the Commonwealth established that the Pennsylvania Department of Transportation sent appellant notice on February 13, 1993, that her operating privileges would be suspended on March 8, 1993, unless she obtained a receipt of payment or discharge from the court and mailed the receipt and notice to the Department of Transportation. Officer Deist testified that, when stopped, appellant had stated that she paid the fine due on the citation through District Justice Cannoli's office and that "for some reason her license apparently had not been reinstated." (N.T. July 12, 1996, at 6). The officer stated that appellant admitted that she had received notice from the Department of Transportation of the suspension.

Appellant, proceeding *pro se,* admitted receiving notice of the suspension, but claimed that she was mentally ill, on medication at that time, was not in her right mind and could not think competently. (*Id.* at 16). In addition, appellant stated first that she had not read the letter of notice and then that she could not remember if she had read the notice before placing it in her automobile, which was subsequently impounded by the police in a separate murder investigation until

1. Appellant's privilege had been suspended for failure to respond to a citation charging appellant with permitting a violation of title, pursuant to 75 Pa.C.S.A. § 1575(a).

January 1995. (*Id.* at 32, 35). President Judge Fike found appellant guilty of violating 75 Pa.C.S.A. § 1543(a) and sentenced her to pay a total of $241.50 in fines. This timely appeal followed.

Appellant raises the following issue for our review:

[W]HETHER THE COMMONWEALTH PROVED BEYOND A REASONABLE DOUBT THAT [APPELLANT] HAD ACTUAL NOTICE OF THE SUSPENSION OF HER OPERATING PRIVILEGE, IN ORDER TO CONVICT AND SENTENCE HER UNDER 75 PA.C.S.A. § 1543(a).

(Appellant's Brief at 3).

Appellant's issue represents a challenge to the sufficiency of the evidence. Appellant claims that the Commonwealth failed to prove that she received actual notice that her license was suspended. We disagree.

In a license suspension case, our scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether any error of law was committed and whether the decision is a manifest abuse of discretion. *Commonwealth v. Taylor,* 437 Pa.Super. 102, 105, 649 A.2d 453, 454 (1994) (citing *Commonwealth, Department of Transportation, Bureau of Motor Vehicles v. Johnson,* 144 Pa.Cmwlth. 599, 601 A.2d 1339 (1992)). When faced with a challenge to the sufficiency of the evidence to support a conviction, the appellate court must view the evidence adduced at trial in the light most favorable to the verdict winner. *Commonwealth v. La,* 433 Pa.Super. 432, 459, 640 A.2d 1336, 1350 (1994), *allocatur denied,* 540 Pa. 597, 655 A.2d 986 (1994); *Commonwealth v. Wood,* 432 Pa.Super. 183, 199, 637 A.2d 1335, 1343 (1994). The Commonwealth, as verdict winner, is entitled to all favorable inferences which may be drawn from the evidence. *Commonwealth v. La, supra* at 459, 640 A.2d at 1350; *Commonwealth v. Wood, supra* at 199, 637 A.2d at 1343. If the trier of fact could have reasonably determined from the evidence that all the necessary elements of the crime were established, then the evidence will be deemed sufficient to

support the verdict. *Commonwealth v. La, supra* at 459, 640 A.2d at 1350; *Commonwealth v. Wood, supra* at 199, 637 A.2d at 1343.

Pennsylvania case law is well settled with regard to the necessity of "actual notice" to uphold a conviction under 75 Pa.C.S.A. § 1543(a). Proof of actual notice of the suspension of an appellant's operator's license is necessary to establish an essential element of the crime of operating a motor vehicle while one's operator's license is suspended. *Commonwealth v. Taylor,* 390 Pa.Super. 571, 579, 568 A.2d 1320, 1324 (1990) (citing *Commonwealth v. Kane,* 460 Pa. 582, 584, 333 A.2d 925, 926 (1975)); *Commonwealth v. Horney,* 365 Pa.Super. 152, 154, 529 A.2d 18, 19 (1987). *Accord Commonwealth v. Crockford,* 443 Pa.Super. 23, 32 n. 3, 660 A.2d 1326, 1330 n. 3 (1995), *allocatur denied,* 543 Pa. 690, 670 A.2d 140 (1995) (Commonwealth required to prove actual notice, not merely constructive notice, through facts and circumstances showing knowledge actually received).

Proof that a notice of suspension was merely mailed to an appellant is not, standing alone, sufficient to establish beyond a reasonable doubt that he or she had actual notice of the suspension. *Commonwealth v. Taylor, supra* at 579, 568 A.2d at 1324. Only where additional evidence exists to indicate that an appellant received actual notice of suspension, will the evidence be viewed as sufficient to prove actual notice. *Commonwealth v. Minor,* 436 Pa.Super. 35, 37–38, 647 A.2d 229, 230 (1994), *allocatur denied,* 544 Pa. 604, 674 A.2d 1069 (1996); *Commonwealth v. Gray,* 356 Pa.Super. 299, 302, 514 A.2d 621, 622 (1986), *allocatur denied,* 514 Pa. 638, 523 A.2d 345 (1987); *Commonwealth v. Burkett,* 300 Pa.Super. 72, 75, 445 A.2d 1304, 1305 (1982). In *Commonwealth v. Kane, supra,* although the records stated that a notice of suspension had been mailed, there was no proof that the appellant had actually received the letter. The Pennsylvania Supreme Court held that evidence of mailing was insufficient to establish actual notice and therefore reversed the judgment of sentence and granted a new trial. In *Commonwealth v. Gray,*

*supra,* this Court stated, "When notice is mailed to the appellant and additional evidence exists indicating that the appellant received notice of suspension, then the evidence can be sufficient to prove actual notice." *Id.* at 301, 514 A.2d at 622. *Accord Commonwealth v. Martin,* 346 Pa.Super. 129, 499 A.2d 344 (1985); *Commonwealth v. Burkett, supra.* Factors that may be considered to determine if appellant has actual notice include: evidence that the Pennsylvania Department of Transportation sent by mail a notice of suspension to appellant's current address, and statements by appellant indicating knowledge, or any conduct demonstrating circumstantially or directly appellant's knowledge of suspension. *Commonwealth v. Crockford, supra* at 32–33, 660 A.2d at 1331 (quoting *Commonwealth v. Zimmick,* 539 Pa. 548, 555–56, 653 A.2d 1217, 1221 (1995)).

Conviction for a violation of 75 Pa.C.S.A. § 1543(a) is a summary offense.[2] An offense constitutes a summary offense under 18 Pa.C.S.A. § 106(c)(1) if it is so designated in the statute. Because 75 Pa.C.S.A. § 1543(a) is defined in the statute as a summary offense, the culpability requirements prescribed by 18 Pa.C.S.A. § 301 and § 302 are inapplicable.[3] Further, there is no language in 75 Pa.C.S.A. § 1543(a) necessitating any kind of *mens rea. Commonwealth v. Guthrie,* 420 Pa.Super. 372, 377, 616 A.2d 1019, 1021 (1992), *allocatur denied,* 534 Pa. 646, 627 A.2d 178 (1993). Thus, under 75

**2.** 75 Pa.C.S.A. § 1543(a) states in relevant part as follows:

any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

**3.** 75 Pa.C.S.A. § 305(a) states that culpability requirements are inapplicable to:

(1) summary offenses, unless the requirement involved is included in the definition of the offense or the court determines that its application is consistent with effective enforcement of the law defining the offense; or

(2) offenses defined by statutes other than this title, in so far as a legislative purpose to impose absolute liability for such offenses or with respect to any material element thereof plainly appears.

Pa.C.S.A. § 1543(a), an appellant is held to be absolutely liable.

■ Instantly, the trial court found that appellant had actual notice of her license being suspended. First, the trial court reasoned that notice was mailed by the Pennsylvania Department of Transportation to appellant at her correct address. Second, appellant admitted receiving the letter which notified her that her operator's privilege would be suspended if she did not comply with the requirements set forth in the letter. (N.T. July 12, 1996 at 6, 14). Moreover, appellant paid the fines, but failed to mail the receipt or discharge to the Pennsylvania Department of Transportation as required in order to prevent suspension. Thus, appellant had actual notice of the suspension of her operator's license but failed to take the steps necessary to restore her driving privileges.

■ At trial, appellant attempted to introduce her lack of understanding or competency to prove that she did not receive actual notice. Driving while one's operator's license is suspended, however, is an absolute liability offense that does not require that the accused act knowingly. Her mental condition, or a good faith reliance that her operator's license was restored, is irrelevant. Although she was in physical possession of her operator's license, she had received notification of the suspension by the Pennsylvania Department of Transportation. In addition, the reasons for her suspension are immaterial. Cf. Commonwealth, Department of Transportation, Bureau of Driver Licensing v. Johnson, 434 Pa.Super. 1, 11, 641 A.2d 1170, 1175 (1994) (underlying criminal conviction may not be attacked in subsequent suspension appeal). Factors such as her driving record, the lack of DUI and other violations, and whether she is a safe driver in general, should have been raised at an appeal of her suspension. Here, the sole issue on appeal is whether appellant had actual notice of her suspension. The Court does not require that appellant read the notice, but rather that she *receive* actual notice. *See Commonwealth v. Minor, supra; Commonwealth v. Gray,*

*supra; Commonwealth v. Burkett, supra.* Thus, we hold there was sufficient evidence to support the trial court's conclusion that the Commonwealth proved beyond a reasonable doubt that appellant had actual notice that her operating privilege was suspended.

Judgment of sentence affirmed.