**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Anthony ERB, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 2, 1998.

Filed Nov. 30, 1998.

Craig M. Kellerman, Norristown, for appellant.

Vram Nedurian, Jr., Asst. Dist. Atty., Newton Square, for Com., appellee.

---

Before DEL SOLE, SCHILLER and BECK, JJ.

BECK, J.:

Appellant Anthony Erb brings this appeal following his conviction for driving under suspension (D.U.I. related)[1] in a waiver trial on August 12, 1997. He received a sentence of ninety days imprisonment and a fine of $1,000. He now charges that the Commonwealth failed to prove beyond a reasonable doubt that he had actual notice of the D.U.I. related driver's license suspension. We affirm.

At trial, the sole witness was Officer Carter Fisher of the Rosemont section of the Radnor Township, Delaware County police. He testified that while he was on routine patrol he observed appellant driving fifteen to twenty miles an hour in a thirty-five mile per hour zone. His routine radio check on the Virginia license on appellant's car revealed that the license was registered to an Oldsmobile, and the car appellant was driving was a Chevrolet. Officer Fisher then followed the vehicle until he made a stop on Charles Drive near the Broadlawn apartments. He testified that he noticed a strong odor of alcohol on appellant's breath, that his eyes were bloodshot, and his speech was slurred. Officer Fisher asked appellant to produce his driver's license, and appellant responded that he did not have one. "I asked him if he met [sic] he didn't have it with him or he didn't have one at all. And my recollection is he indicated he didn't have one at all." N.T. 8/12/97, at 10. Appellant was arrested and charged with driving under the influence of alcohol[2] (for which he was subsequently acquitted), and driving while operating privileges were suspended or revoked (the subject of this appeal). At trial, appellant stipulated that his license was suspended for a prior DUI and that notice of the instant suspension had been mailed to him on February 29, 1996. Evidence established that appellant then lived at the same address on Conestoga Road to which the suspension notice had been sent. N.T. at 15.

In reviewing this challenge to the sufficiency of the evidence, we must determine whether the evidence was sufficient to enable the trier of fact to find every element of the crime charged beyond a reasonable doubt, viewing the evidence and the reasonable inferences therefrom in the light most favorable to.the Commonwealth as verdict winner. *Commonwealth v. Morales*, 447 Pa.Super. 491, 669 A.2d 1003 (Pa.Super.1996). In a license suspension case, our scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether any error of law was committed and whether the decision is a manifest abuse of discretion. *Commonwealth v. Baer*, 452 Pa.Super. 547, 682 A.2d 802 (Pa.Super.1996).

At trial and on appeal appellant relies on *Commonwealth v. Kane*, 460 Pa. 582, 333 A.2d 925 (1975) for the principle that the mere introduction of evidence of the certified driving record of appellant, which shows that notice of suspension was mailed to him, is not sufficient to establish beyond a reasonable doubt that he had actual notice of the suspension. He also cites *Commonwealth v. Crockford*, 443 Pa.Super. 23, 660 A.2d 1326 (Pa.Super.1995) (*en banc*) to support his contention that the Commonwealth was obligated to introduce into evidence a copy of the suspension notice, and not simply the contents of the certified driving record. We believe appellant misreads *Crockford*.

That case states:

In the twenty years since *Kane* was decided, numerous rulings of both the supreme court and this court have refined its basic message. While these cases have set out no hard and fast rule as to the kinds of proof required to establish actual notice of suspension, they do indicate that evidence of mailing of notice coupled with some other, additional evidence of knowledge will suffice to establish notice beyond a reasonable doubt. [Footnote omitted].

*Crockford*, 660 A.2d at 1329.

Subsequently, this court reviewed actual notice requirements in *Baer*, *supra*. There

---

1.  75 Pa.C.S.A. § 1543(b)(1).

2.  75 Pa.C.S.A. § 3731(a)(1).

we said that factors to be considered to determine whether appellant had actual notice of suspension include evidence that the Pennsylvania Department of Transportation sent notice to appellant's current address, and statements by appellant indicating knowledge, or any conduct demonstrating circumstantially or directly that appellant had knowledge of the suspension.

In the instant case, appellant's license suspension was evidenced at trial by his certified driving record. Notice was mailed to his current address. Appellant failed to produced a valid, current license when the officer stopped him, and he stated that he did not have a driver's license. Taken together, we conclude that this evidence was sufficient to meet the standard of *Crockford* and *Baer* that appellant had actual notice that his license was suspended.

Finding no merit in appellant's argument, we affirm judgment of sentence.

Judgment of sentence affirmed.