**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RAYMOND DALE McINTYRE, | : | No. 2042 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 12, 2014,
in the Court of Common Pleas of Clarion County
Criminal Division at No. CP-16-SA-0000025-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STRASSBURGER, J.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 14, 2015**

Raymond Dale McIntyre appeals from the November 12, 2014 judgment of sentence following his conviction of driving while operating privileges are suspended or revoked.[1]  We affirm.

The facts and procedural history of this case are as follows:  On May 1, 2014, Southern Clarion County Police Officer Josh Krizmanich observed appellant driving a silver PT Cruiser on State Route 68.  (Notes of testimony, 11/12/14 at 9-10.)  Officer Krizmanich, knowing that appellant's driver's license privileges were suspended, cited appellant for driving while his driver's license was suspended.  (**Id.** at 11.)  Officer Krizmanich testified

---

* Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 1543(a).

that, when he stopped appellant several months later, appellant stated he was aware that his driver's license was suspended. (*Id.* at 12.)

On July 31, 2014, appellant was found guilty of driving while operating privileges were suspended or revoked by Magisterial District Judge Jeffrey C. Miller. Appellant filed a summary appeal to the Clarion County Court of Common Pleas on August 5, 2014. On November 12, 2014, the trial court held a summary appeal trial where appellant was found guilty and was sentenced to pay a fine of $200 plus costs. Appellant filed notice of appeal to this court on December 9, 2014, and filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court then filed an opinion.

Appellant raises the following issue for our review:

> Does the fact that a driver acknowledges four months after he is cited for driving after suspension that he knows that his license is suspended establish that he had actual notice of the suspension four months earlier when he was cited when he had a citation issued for driving under suspension, a summary trial with a finding of guilt in between the four month time span?

Appellant's brief at viii.

Appellant argues that the Commonwealth failed to prove beyond a reasonable doubt that appellant had notice of the suspension of his driver's license. Our standard of review is well settled:

> In a license suspension case, our scope of review is limited to determining whether the trial court's findings are supported by competent evidence,

- 2 -

> whether any error of law was committed and whether the decision is a manifest abuse of discretion. When faced with a challenge to the sufficiency of the evidence to support a conviction, the appellate court must view the evidence adduced at trial in the light most favorable to the verdict winner. The Commonwealth, as verdict winner, is entitled to all favorable inferences which may be drawn from the evidence. If the trier of fact could have reasonably determined from the evidence that all the necessary elements of the crime were established, then the evidence will be deemed sufficient to support the verdict.

*Commonwealth v. Baer*, 682 A.2d 802, 804-805 (Pa.Super. 1996) (citations omitted). The Commonwealth is required to prove beyond a reasonable doubt that a defendant had actual notice that his or her driver's license has been suspended. *Commonwealth v. Kane*, 333 A.2d 925, 926 (Pa. 1975).

Our supreme court has enumerated several factors that may be considered by a fact-finder in determining whether a defendant had actual notice of a suspended driver's license, including a statement by the defendant acknowledging that he or she was driving during a suspension period or evidence that the Pennsylvania Department of Transportation ("PennDOT") mailed notice of suspension to the defendant. *Commonwealth v. Zimmick*, 653 A.2d 1217, 1221 (Pa. 1995). A previous panel of this court has stated that actual notice may "take the form of a collection of facts and circumstances that will satisfy the Commonwealth's burden of establishing a *prima facie* case of notice." *Commonwealth v.*

***Crockford***, 660 A.2d 1326, 1331 (Pa.Super. 1995) (***en banc***), ***appeal***

***denied***, 670 A.2d 140 (Pa. 1995).

In the instant case, we find that the Commonwealth has met its burden in proving beyond a reasonable doubt that appellant did have notice of his driver's license suspension. First, the Commonwealth provided appellant's certified driving record from PennDOT at his summary appeal trial. (Notes of testimony, 11/12/14 at 15.) The certified driving record indicates that PennDOT mailed an official notice of a 12-month suspension to appellant on September 3, 2012.[2] The Commonwealth also presented testimony from Officer Krizmanich who indicated that appellant acknowledged notice of his suspension in a subsequent encounter:[3]

> Q: So this is a conversation on a subsequent
> traffic stop?
>
> A: Uh-huh.
>
> Q: You question him about his license being
> suspended?
>
> A: Uh-huh.
>
> Q: Did he indicate whether or not he was aware it
> was suspended?

---

[2] The September 3, 2012 notice from PennDOT was for a 12-month suspension that was to take effect on January 11, 2014. Appellant was serving a suspension for an unrelated offense at the time PennDOT mailed the notice. (Docket #24.)

[3] The subsequent encounter took place in either August or September 2014 when Officer Krizmanich pulled appellant over for an unrelated vehicle offense. (***Id.*** at 12.)

A:    Yes.  He said he knew it was.

*Id.* at 12.  Considering both the certified driving history from PennDOT and Officer Krizmanich's testimony in a light favorable to the Commonwealth as verdict winner, the Commonwealth has satisfied its burden of proof that appellant had notice that his driver's license was suspended at the time of the May 1, 2014 incident.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2015