J-S05012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL VINCENT SCHOONOVER, | |
| Appellant | No. 800 MDA 2015 |

Appeal from the Judgment of Sentence April 9, 2015
in the Court of Common Pleas of Centre County
Criminal Division at No.: CP-14-SA-0000009-2015

BEFORE: BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 24, 2016**

Appellant, Daniel Vincent Schoonover, appeals from the judgment of sentence imposed following his bench trial conviction of driving while operating privilege is suspended or revoked.[1]  He challenges the sufficiency

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Section 1543(a) of the Vehicle Code provides:

> (a) Offense defined.—Except  as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

75 Pa.C.S.A. § 1543(a).

of the evidence, specifically, proof of actual notice.  We affirm, in part on the basis of the trial court opinion.[2]

We take our facts from the notes of testimony of the bench trial on April 9, 2015.  (*See* N.T. Summary Appeal Hearing [Trial], 4/09/15, at 3-10; *see also* Commonwealth's Brief, at 3-5).  At approximately 11:00 p.m. on November 19, 2014, Pennsylvania State Police Trooper Michael Glentzer, on routine patrol, stopped Appellant for a routine Vehicle Code violation.  He was driving on Nittany Valley Road in Walker Township, Centre County, Pennsylvania.  While processing Appellant's driver information on the police computer system, Trooper Glentzer determined that Appellant's driving license was suspended.  He issued Appellant a summary citation for driving under suspension, 75 Pa.C.S.A. § 1543(a).  Appellant appealed his citation to the magisterial district court, which found him guilty.  He then appealed his conviction to the court of common pleas.

A trial *de novo* was held before the Honorable Jonathan D. Grine on April 9, 2015, at which the Commonwealth presented one witness, Trooper

---

[2] We note that Appellant has failed to include a copy of the trial court opinion in his brief, in violation of Pa.R.A.P. 2111(a)(10), and (b).  We further note that both Appellant's brief and reproduced record were filed late.  We attach a copy of the trial court opinion as a supplement to this memorandum.

Glentzer, and one exhibit, Appellant's certified driver's record.[3] Appellant exercised his constitutional right not to testify. He presented no other witnesses or evidence. (*See* N.T. Trial, at 13). The trial court found Appellant guilty, again, and re-imposed the sentence of fines and costs originally imposed. The instant timely appeal followed.[4]

Appellant raises one question for our review:

> Whether the [trial] court committed an abuse of discretion / error of law in finding the Appellant guilty of a violation of Driving While Suspended, 75 Pa.C.S. § 1543(a), despite no evidence being presented that Appellant received actual notice of the suspension, as required by Pennsylvania case law, including ***Commonwealth v. Baer***, 682 A.2d 802, 805 (Pa. Super. 1996) and ***Commonwealth v. Taylor***, 390 Pa. Super. 571, 579, 568 A.2d 1320, 1324 (1990)?

(Appellant's Brief, at 5).

Appellant's issue is a challenge to the sufficiency of the evidence. (***See id.*** at 8) ("Such a finding [the guilty verdict] is clearly based upon insufficient evidence and is contrary to Pennsylvania case law"); (***see also id.*** at 9) ("The sole question presented . . . revolves around a determination as to whether there was sufficient evidence to convict . . . .").

_____

[3] Appellant's certified driving record reveals that he had nine motor vehicle violations in ten years, including three prior suspensions. (***See*** Commonwealth's Exhibit 1; ***see also*** Commonwealth's Brief, at 4-5).

[4] Appellant timely filed a court-ordered statement of errors, on May 18, 2015. ***See*** Pa.R.A.P. 1925(b). The trial court filed an opinion, on June 19, 2015. ***See*** Pa.R.A.P. 1925(a).

Initially, we note in a license suspension case, our scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether any error of law was committed and whether the decision is a manifest abuse of discretion. [ ]***Baer***, [***supra*** at 804-05].

***Commonwealth v. Vetrini***, 734 A.2d 404, 406 (Pa. Super. 1999).

Our standard of review for a challenge to the sufficiency of the evidence is well-settled:

A challenge to the sufficiency of the evidence is a question of law subject to plenary review. We must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.

***Commonwealth v. Colon***, 102 A.3d 1033, 1041 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015) (citation and internal quotation marks omitted). Similarly,

The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt.

In applying [the above] test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by

- 4 -

> means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Vetrini, supra* at 406–07 (internal quotation marks and citations omitted).

"The Commonwealth, as verdict winner, is entitled to all favorable inferences which may be drawn from the evidence." *Baer*, *supra* at 805 (holding that there was sufficient evidence to support trial court's conclusion that Commonwealth proved beyond reasonable doubt that appellant had actual notice that her operating privilege was suspended) (citations omitted).

Here, Appellant argues chiefly that no evidence was presented at the trial that he received actual notice of the suspension. (*See* Appellant's Brief, at 9-13). We disagree.

Initially, we observe that because Appellant presented no evidence at all at the trial, the evidence that the Commonwealth presented stands uncontradicted. (*See* N.T. Trial, at 13).

> In order to sustain a conviction under 75 Pa.C.S.A. § 1543(b), the Commonwealth must prove that the defendant had actual notice that his license had been suspended or revoked. *Commonwealth v. Kane*, 460 Pa. 582, 333 A.2d 925 (1975). Merely establishing that notice was mailed is not sufficient by itself to show actual notice. *Id.* 333 A.2d at 926. The Commonwealth must establish actual notice "which may take the form of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension." *Commonwealth v. Crockford*, 443 Pa. Super. 23, 660 A.2d 1326, 1331 (1995)[, *appeal denied*, 670 A.2d 140 (Pa. 1995)].

Moreover, **"[n]otice is a question of fact, and anything that proves knowledge or is legal evidence showing that knowledge exists can be sufficient."** *Id.* at 1330. **There are no bright line tests as to what kind of proof is required to show actual notice; however, this Court has indicated that evidence of mailing of notice coupled with some other, additional evidence of knowledge will suffice** to establish actual notice beyond a reasonable doubt. *Id.* at 1329.

*Vetrini*, *supra* at 407 (emphases added).

As a practical matter, in most cases it is virtually impossible for the Commonwealth to prove positively that the defendant received express actual notice of suspension; only the defendant would have such knowledge. The Commonwealth, relying only upon the facts and circumstances of a case, can, at best, impute such knowledge to the defendant. To hold otherwise would make the provisions of § 1543 virtually unenforceable and unworkable.

Hence, in response to appellant's inquiry as to whether the Commonwealth is required to prove actual notice of suspension to sustain a conviction under 75 Pa.C.S.A. § 1543(b), the courts of this Commonwealth have repeatedly answered in the affirmative. The Commonwealth is required to establish actual notice **which may take the form of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension**.

*Crockford*, *supra* at 1330-31 (footnote omitted, emphasis added).

Factors that a finder of fact may consider in determining circumstantially or directly whether a defendant had actual notice of his or her suspension include, but are not limited to, evidence that the defendant was verbally or in writing apprised of the license suspension **during the trial** or a plea, statements by the accused indicating knowledge that he or she was driving during the period in which his or her license had been suspended, evidence that PennDOT **sent by mail the notice of the suspension to appellant's current address**, evidence that PennDOT's **notice of suspension was not returned as undeliverable,** attempts by the accused to avoid detection or a citation, and any other conduct demonstrating circumstantially

or directly appellant's knowledge of the suspension or awareness of guilt.

***Commonwealth v. Zimmick***, 653 A.2d 1217, 1221 (Pa. 1995) (emphases added; citation omitted).

> Appellant's entire challenge rests upon the misplaced notion that **Baer** requires the Commonwealth to prove receipt of written notification of suspension. In **Baer**, we said that factors to be considered to determine whether appellant had actual notice of suspension include evidence that the Pennsylvania Department of Transportation sent notice to appellant's current address, and statements by appellant indicating knowledge, or any conduct demonstrating circumstantially or directly that appellant had knowledge of the suspension. Moreover, this notion was directly dispelled by our Supreme Court in [ ] **Zimmick**, [**supra**], wherein other examples of factors which could be considered in determining whether a defendant had actual notice of license suspension were recited[.]
>
> * * *
>
> Hence the sending of written notice to the appellant's current address is but one of many factors that may be considered. **It is not obligatory that any combination of factors must be present.**

***Vetrini***, ***supra*** at 408 (emphasis added; citation omitted).

In this case, the trial court determined that Appellant had actual knowledge of his suspension. (***See*** Trial Court Opinion, 6/19/15, at 3). The trial court noted that there was proof of mailing to Appellant's address of

record, and no evidence that the notice of suspension was returned as undeliverable.[5]

Appellant argues on appeal that the trial court should have accepted the testimony of Trooper Glentzer that Appellant denied knowledge of his suspension at the traffic stop. (**See** Appellant's Brief, at 12). It was the role of the trial court, sitting as factfinder, to weigh the evidence presented and to accept all, part or none of it. **See Vetrini**, **supra** at 407. "A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court." **Colon**, **supra** at 1041.

Additionally, Appellant argues for the first time on appeal that it is "possible" that he changed residences after the date the notice was mailed. (Appellant's Brief, at 11). Appellant failed to raise this issue with the trial court. To the contrary, his counsel objected, successfully, to the Commonwealth's attempt to raise the issue of a second address for Appellant after the case had closed. (**See** N.T. Trial, at 14). Accordingly, Appellant's issue is waived. **See** Pa.R.A.P. 302(a). ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

---

[5] Moreover, the trial court observes that Appellant requested a continuance from the magisterial district court, and received a rescheduled hearing, at which he appeared. The trial court appears to suggest that the notice of the rescheduled hearing was sent by mail to his address of record, as was the notice of suspension. (**See** Trial Ct. Op., at 3).

Viewing the evidence admitted at trial under our standard of review for sufficiency, in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences, we conclude that there was sufficient evidence to support the trial court's verdict. The trial court's findings are supported by competent evidence, and we discern no error of law or manifest abuse of discretion.[6] **See Baer**, **supra** at 804-05; **Vetrini**, **supra** at 406-07; **Colon**, **supra** at 1041.

Judgment of sentence affirmed.

Judge Shogan joins the Memorandum.

President Judge Emeritus Bender files a Dissenting Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2016

---

[6] Moreover, we note our agreement with the trial court's observation that Appellant's argument, if adopted as precedent, would allow any individual faced with license suspension to disregard the notice of suspension, keep his license and, if caught, claim that he was unaware of a suspension, to avoid a citation or further liability. (**See** Trial Ct. Op., at 3).

Circulated 02/05/2016 04:18 PM



IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA,       )
                                    )
        v.                          )       No.   CP-14-SA-0009-2015
                                    )
DANIEL VINCENT SCHOONOVER,          )
                                    )

*Attorney for Commonwealth:*                *Adam L. Morris, Esq.*
*Attorney for Defendant:*                   *R. Thom Rosamilia, Esq.*

**OPINION IN RESPONSE TO MATTERS COMPLAINED OF ON APPEAL**

Presently before this Court is an appeal filed by Daniel Vincent Schoonover (hereinafter "Appellant.") On November 19, 2014, a citation was filed against Appellant for a single count of Driving Under a Suspended License in violation of 75 Pa.C.S. §1543(a). Appellant was found guilty by Magisterial District Judge Gilette-Walker on January 29, 2015. Appellant filed a notice of appeal from his summary conviction and a de novo hearing was held in front of this Court on April 9, 2015. This Court found Appellant guilty and reinstated all fines and costs as imposed by the Magisterial District Judge.

Appellant raises one issue on appeal, that is, that this Court committed an abuse of discretion and/or error of law in finding Appellant guilty "despite no evidence being presented that [he] received actual notice of the suspension."

## I.      Evidence was Sufficient to Support Finding of Guilt

Appellant argues this Court committed an error of law or abuse of discretion in finding Appellant guilty of Driving Under Suspension, as no evidence was presented at trial to establish Appellant had actual notice of his license suspension. The Court disagrees.

In a license suspension case, the scope of review is limited to determining whether this Court's findings were supported by competent evidence, whether it committed an error of law, and/or whether the decision rendered was a manifest abuse of discretion. *Commonwealth v. Baer,* 682 A.2d 802, 804-805, (Pa.Super. 1996). The issue raised by Appellant represents a challenge to the sufficiency of the evidence. In such a case, the evidence at trial must be viewed in the light most favorable to the Commonwealth, as the verdict winner. *Id.* In addition, the Commonwealth is "entitled to all favorable inferences which may be drawn from the evidence." *Id* at 805. If the trial court "could have reasonably determined from the evidence that all the necessary elements of the crime were established, then the evidence will be deemed sufficient to support the verdict." *Id.*

It is well settled that proof of a defendant's "actual notice of the suspension" of his or her license is necessary to establish the elements of a violation of 75 Pa.C.S.A. §1543(a). *Id.* Proof of the mailing of a notice of suspension to an appellant, standing alone, is not sufficient to establish beyond a reasonable doubt that he or she had actual notice of the license suspension. *Id.* Only when some additional evidence is presented to indicate the defendant received actual notice of suspension will the evidence be viewed as sufficient to establish actual notice. *Id.* The Commonwealth may meet this burden by presenting wholly circumstantial evidence. *Commonwealth v. Herb,* 852 A.2d 356, 361 (Pa.Super. 2004). Factors a court may consider in determining actual notice of a license suspension include, but are not limited to:

> Evidence that the defendant was verbally or in writing apprised of the license suspension during [a] trial or a plea, statements by the accused indicating knowledge that he or she was driving during the period in which his or her license had been suspended, evidence that PennDOT sent by mail the notice of the suspension to appellant's current address, evidence that PennDOT's notice of suspension was not returned as undeliverable, attempts by the accused to avoid detection or a citation, and any other conduct demonstrating circumstantially or directly appellant's knowledge of the suspension or awareness of guilt.

2

*Commonwealth v. Zimmick*, 653 A.2d 1217, 1221 (Pa.Super. 1995). There is no specific combination of factors which must be present in order to determine an individual had actual notice of his or her license suspension. *Commonwealth v. Vetrini*, 734 A.2d 404, 408 (Pa.Super. 1999).

In the instant case, although Appellant was able to produce his driver's license and expressed apparent surprise at being informed by Trooper Glentzer that his license was currently suspended, the Court determined Appellant had actual knowledge of the suspension. The Commonwealth provided the Court with evidence indicating PennDOT mailed a notice of suspension to Appellant on October 10, 2014 indicating a suspension of his operating privileges due to a failure to respond to a citation for an expired registration or other expired documentation. The records do not indicate the notice was returned as undeliverable or unclaimed. The Court also considered the fact that the notice was mailed to Appellant's address as listed on his certified driver's record, 26 Merlyn Drive, Mill Hall, Pennsylvania. This is also the address on Appellant's citation, the address on the documents from the Magisterial District Court level, and the address Appellant provided to this Court when he filed his summary appeal. The Court also notes Appellant requested a continuance at the Magisterial District Court level, appeared at the rescheduled hearing, and appeared at his summary appeal hearing.

Based on this evidence, the Court determined the Merlyn Drive address was Appellant's valid address and that he had actual notice of the suspension of his license. To determine otherwise would set a precedent whereby an individual, upon receiving a suspension notice, could disregard said notice, keep his license instead of returning it to PennDOT, and would only have to claim he was unaware his license had been suspended upon being pulled over in order to avoid a citation for driving under suspension.

3

This Court hopes this Opinion aids the Honorable Superior Court and respectfully requests its Orders remain undisturbed.

BY THE COURT:

Jonathan D. Grine, Judge

DATE: June 19, 2015