J-S58008-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAWONTAY DAWOND BATES | : | |
| | : | |
| Appellant | : | No. 133 WDA 2019 |

Appeal from the Judgment of Sentence Entered December 19, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0001893-2018

BEFORE: PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.: FILED DECEMBER 13, 2019

Dawontay Dawond Bates appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas following his conviction for driving with a suspended license, 75 Pa.C.S.A. § 1543(b)(1). We affirm.

On March 14, 2018, Bates was charged with one count of driving on a suspended license following a conviction for driving under the influence ("DUI") and was subsequently adjudicated guilty of a summary offense[1] before

_____

[1] While subsections (i) and (ii) of 1543(b)(1) are summary offenses, subsection (iii) constitutes a misdemeanor. The parties do not specify in their briefs which subsection of 1543(b)(1) Bates was convicted of violating. Nor does the citation or written sentencing order. However, Bates indicates in his statement of matters complained of on appeal that he is appealing from a conviction of 1543(b)(1)(i), and the trial court reiterates this subsection in

a magisterial district court judge. After a summary appeal, the case proceeded to a de novo bench trial at which both parties stipulated to the facts of the case, including the fact that Bates was driving and that Pennsylvania Department of Transportation ("PennDOT") records showed that Bates' license was suspended at the time. Further, the parties stipulate that the suspension was the result of a DUI. Based on the stipulation, the trial court found Bates guilty and sentenced him to sixty days' house arrest and a fine of five hundred dollars. This timely appeal followed.

On appeal, Bates presents the following question for our review:

> Was the evidence at trial insufficient because the Commonwealth failed to prove beyond a reasonable doubt that Appellant had actual notice that his driver's license was suspended at the time of the offense.

Appellant's Brief, at 5.

Our standard of review in assessing the sufficiency of the evidence to sustain an appellant's conviction is as follows.

> The standard we apply … is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a

_____

their opinion without dispute. See Appellant's 1925(b) Statement, at 1; see also Trial Court Opinion, at 3. Further, our review of the Commonwealth's brief, the transcript cover page and trial court dockets indicate that this was an appeal from a summary conviction. Finally, the sentence imposed, sixty days' house arrest plus fines, is consistent with a summary conviction.

defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Brumbaugh, 932 A.2d, 108, 109-110 (citation omitted).

In order to establish a prima facie case under section 1543(b)(1), the Commonwealth must establish that Bates drove a motor vehicle on a highway or traffic way in the Commonwealth while his operating privilege was suspended pursuant to a DUI violation. 75 Pa.C.S.A. § 1543(b)(1). Additionally, "the Commonwealth must establish that the defendant had actual notice that his license was suspended." Commonwealth v. Brewington, 779 A.2d 525, 527 (Pa. Super. 2001) (citation and footnote omitted).

However, the Commonwealth need not prove that the defendant was aware that the suspension was still in effect when she was found operating a motor vehicle. See Commonwealth v. Baer, 682 A.2d 802, 806 (Pa. Super. 1996).[2] This is due to the fact that "[d]riving while one's operator's license is

_____

[2] Baer concerned a conviction for violating 75 Pa.C.S.A. § 1543(a), a summary offense. See id., at 804, 806. We conclude that the reasoning employed in Baer is equally applicable to violations of section 1543(b)(1) that

suspended … is an absolute liability offense that does not require that the accused act knowingly." Id. As result, the Commonwealth need only prove that a defendant received actual notice of the suspension. See id.

Bates asserts the Commonwealth failed to prove beyond a reasonable doubt that he had actual notice of the suspension, and since actual notice is an element of the offense, the evidence is insufficient to convict him. Bates claims he only stipulated to the fact that he was driving a vehicle and that PennDOT's records indicated he was DUI suspended at the time he was driving a vehicle, but did not stipulate to the fact that he had actual notice. However, the record belies his claim.

When asked whether he was "stipulating to what happened," counsel for Bates responded generally "Yes, Your Honor." N.T., at 3. The court then remarked "It sounds to me there is no contest that he was driving while under suspension and the suspension was DUI-related, is that correct?" Id., at 3-4. Counsel for Bates clarified the stipulation by responding:

> Essentially, Your Honor, he could have had a license had he filled in the paperwork and sent it to PennDOT at the conclusion of his DUI suspension. Which could have been sometime ago. He unfortunately was unaware that he had to do that. He completed the term of the suspension. He thought he was good to go. He thought he had a license again and began driving. He was then subsequently pulled over by Officer Dengler.

_____

are graded as summary offenses. See Baer, 682 A.2d at 806 (observing that culpability requirements are not applicable for summary vehicle code violations).

*I*d., at 4 (emphasis added).

It is clear from the transcript that counsel for Bates admitted that Bates had been aware of the suspension but merely was mistaken about the fact that his license was not simply reinstated at the end of the suspension period, and that he had to actually obtain restoration of his operating privilege.

Our review of the record demonstrates that Bates stipulated to the facts necessary to convict him of the instant offense. The testimony, along with the stipulation, was sufficient to permit a reasonable inference, upon which the trial court properly could have based its verdict, that Bates had knowledge of his license suspension. Therefore, we find a challenge to the sufficiency of the evidence based on the Commonwealth's failure to prove the element of actual notice is without merit.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/13/2019