J-S05026-24

2024 PA Super 149

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES DOUGLAS AKELEY | : | |
| | : | |
| Appellant | : | No. 1165 WDA 2023 |

Appeal from the Judgment of Sentence Entered August 31, 2023
In the Court of Common Pleas of Potter County
Criminal Division at No(s): CP-53-SA-0000002-2023

BEFORE: PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

OPINION BY KING, J.:                                    **FILED: JULY 19, 2024**

Appellant, James Douglas Akeley, appeals from the judgment of sentence entered in the Potter County Court of Common Pleas, following his bench trial conviction for operating a vehicle with a suspended registration.[1] We reverse Appellant's conviction and vacate the judgment of sentence.

The relevant facts and procedural history of this case are as follows. On December 30, 2022, Officer Chip Scheller initiated a traffic stop of Appellant's vehicle for having dark tinted windows. Appellant was driving a 2014 Subaru Legacy bearing the Pennsylvania registration number LJR 3959. When Officer Scheller ran the registration number, the system indicated that the vehicle's registration was suspended. Upon further inquiry, Officer Scheller received documentation that Appellant's vehicle registration was suspended for failure

_____

[1] 75 Pa.C.S.A. § 1371(a).

to maintain insurance and the suspension was effective beginning on December 12, 2022. Appellant provided Officer Scheller with an identification card but did not produce proof of his registration. Officer Scheller could not recall whether Appellant provided proof of insurance. Officer Scheller issued Appellant a citation for the tinted window and driving with a suspended registration. Appellant pled guilty on both counts at the Magisterial District Court. Appellant timely appealed his conviction for driving with a suspended registration to the Court of Common Pleas.

The Court of Common Pleas conducted a bench trial on June 6, 2023. At trial, the Commonwealth presented testimony from Officer Scheller, who testified to the aforementioned facts. The Commonwealth further placed into evidence the vehicle record abstract from the Pennsylvania Department of Transportation ("PennDOT"). The document included a signed certification and attestation from the PennDOT custodian of records that the document was a full, true, and correct copy of the PennDOT record. The document further stated that Appellant was the owner of the vehicle with the tag number LJR 3959 and the registration for this vehicle was suspended effective December 12, 2022. The document did not indicate whether Appellant had been sent notice of his vehicle's suspension. Officer Scheller also did not provide any additional testimony to indicate that Appellant had notice of the registration suspension prior to December 30, 2022, when Appellant was issued the citation.

On August 31, 2023, the court entered an order finding Appellant guilty of operating a vehicle with a suspended registration and imposed a fine of $200.00. Appellant filed a post-sentence motion on September 8, 2023, arguing, *inter alia*, that the Commonwealth failed to present any evidence that Appellant had notice that his registration was suspended. The court denied the post-sentence motion on September 15, 2023. Appellant filed a timely notice of appeal on September 26, 2023. On October 4, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant complied on October 19, 2023.

Appellant raises the following issues for our review:

> Assuming *arguendo* that PennDOT lawfully and legally suspended the registration of the Subaru, whether there was sufficient evidence to convict [Appellant] when there is no evidence that he had been notified of the suspension nor any evidence that he was in any manner aware, at the time of the traffic stop, that the registration of the Subaru had been suspended?
>
> Assuming *arguendo* that [Appellant] was provided advance due process notification of the suspension, whether the evidence was sufficient to find beyond a reasonable doubt that the registration was, in fact, otherwise lawfully and legally suspended?
>
> Assuming *arguendo* that the conviction was otherwise valid, whether there was sufficient evidence to find beyond a reasonable doubt that the conviction of [Appellant] was in compliance of his Due Process Rights under the 14th Amendment of the United States Constitution and under Section 1, Section 9 and Section 11 of Article I of the Pennsylvania Constitution since there is no evidence whatsoever that [Appellant] was ever notified by PennDOT, by the Pennsylvania State Police, by any insurance company or anyone else that the registration for the Subaru was

being considered for suspension?

(Appellant's Brief at 7-8) (reordered for purpose of disposition).

In his first issue, Appellant argues that the Commonwealth failed to present any evidence to establish that Appellant had notice that his registration was suspended. Appellant asserts that Section 1371(a) requires the Commonwealth to establish that Appellant knew his registration was suspended when he drove his vehicle. Appellant contends that the mere fact that Appellant is presumed to know the law should not negate the Commonwealth's burden to establish notice. Appellant maintains that the only construction of Section 1371(a) which protects his due process rights requires the Commonwealth to establish as an element of the offense that Appellant had notice that his registration was suspended. Appellant concludes that the Commonwealth's failure to present any evidence of notice renders the evidence insufficient to sustain his conviction, and this Court should reverse the conviction and vacate the judgment of sentence. We agree.

A challenge to the sufficiency of the evidence "presents a pure question of law and, as such, our standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. Santiago***, 294 A.3d 482, 485 (Pa.Super 2023). The following principles govern our review of a sufficiency challenge:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the

crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa.Super. 2019) (quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa.Super. 2013)).

Section 1371 of the Motor Vehicle Code defines the offense of driving with a suspended registration as follows:

**§ 1371. Operation following suspension of registration**

**(a) General rule.—**No person shall operate and no owner shall permit to be operated upon any highway a vehicle the registration of which has been suspended.

**(b) Penalty.—**Any person violating this section is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of not less than $100 nor more than $500. In the case of a motor carrier vehicle other than a trailer, the fine shall be double the registration fee for the maximum weight at which the vehicle could have been registered in

this Commonwealth.

75 Pa.C.S.A. § 1371.

Although our courts have not yet considered whether notice is a required element of driving with a suspended registration, this Court has addressed whether notice is an element of driving with a suspended license. Notably, Section 1543 of the Motor Vehicle Code defines the offense of driving with a suspended license, in relevant part, as follows:

> **§ 1543. Driving while operating privilege is suspended or revoked**
>
> **(a) Offense defined—**Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200.
>
> * * *

75 Pa.C.S.A. § 1543(a). In defining the elements of this offense, this Court has consistently held that "[p]roof of actual notice of the suspension of an appellant's operator's license is necessary to establish an essential element of the crime of operating a motor vehicle while one's operator's license is suspended." **Commonwealth v. Baer**, 682 A.2d 802, 805 (Pa.Super. 1996). To meet its burden, the Commonwealth must demonstrate actual notice, not merely constructive notice, through facts and circumstances to show that the defendant received knowledge of the suspension. **Id.** (citing

*Commonwealth v. Crockford*, 660 A.2d 1326, 1330 n. 3 (Pa.Super. 1995)

(*en banc*), *appeal denied*, 543 Pa. 690, 670 A.2d 140 (1995)).

This Court has explained that the rationale for requiring the Commonwealth to establish notice is "is not grounded in *mens rea* in terms of conduct but rather notice as a component of procedural due process." *Commonwealth v. Peralta*, 311 A.3d 1, 8 (Pa.Super. 2024). The decision to drive while being aware of the restriction is what creates the liability for the offense. *Id.* at 8-9. "Notice is, therefore, a judicially created element, designed to protect a defendant's due process rights." *Crockford, supra* at 1329.

Additionally, in *Peralta*, this Court recently analyzed whether notice is a required element of the offense of driving without an ignition interlock system. Section 3808 of the Motor Vehicle Code defines that offense, in relevant part, as follows:

> **§ 3808.  Illegally operating a motor vehicle not equipped with ignition interlock**
>
> **(a) Offense defined.—**
>
> (1) An individual required to only drive, operate or be in actual physical control of the movement of a motor vehicle equipped with an ignition interlock system under any of the following who drives, operates or is in actual physical control of the movement of a motor vehicle within this Commonwealth without such a system commits a misdemeanor and shall, upon conviction, be sentenced to pay a fine of not less than $300 and not more than $1,000 and to imprisonment for not more than 90 days[.]
>
> *    *    *

- 7 -

75 Pa.C.S.A. § 3808(a)(1). The **Peralta** Court determined that the Commonwealth was required to establish that the defendant had notice that he could not operate his vehicle without an ignition interlock system to sustain a conviction under Section 3808. In its analysis, the **Peralta** Court found the case law establishing the notice requirement for Section 1543 (related to driving with a suspended or revoked license) to be applicable to Section 3808. The Court noted that for both offenses, the decision to drive while aware of the restriction imposed is what creates liability under the offense. As such, the **Peralta** Court concluded that notice was a necessary element of the offense in order to protect the defendant's due process rights.

Instantly, the Commonwealth argues that "[t]he express language of § 1371(a) driving with a suspended registration makes no mention of notice or knowledge of a suspended registration." (Commonwealth's Brief at 8). While we agree with the Commonwealth that the statutory language does not specify a notice element, similar to Sections 1543 and 3808, the offense of driving with a suspended registration prohibits an individual from driving a vehicle when a certain restriction has been imposed. Specifically, Section 1371 prohibits an individual from operating a vehicle when its registration has been suspended. In accordance with our case law interpreting Sections 1543 and 3808, we hold that liability is created for the offense of driving with a suspended registration when a registrant chooses to drive a vehicle with awareness that the vehicle's registration is suspended. **See Peralta, supra**;

*Baer, supra*. *See also Crockford, supra*. Therefore, we conclude that notice that a vehicle's registration has been suspended is a necessary element that the Commonwealth must prove to convict an individual of driving with a suspended registration.

As such, we must examine whether the Commonwealth presented sufficient evidence of notice in this case. "Notice is a question of fact, and anything that proves knowledge or is legal evidence showing knowledge exists can be sufficient." *Crockford, supra* at 1330. Actual notice "may take the form of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension." *Id.* at 1330-31. "While [there is] no hard and fast rule as to the kinds of proof required to establish actual notice of suspension, … evidence of mailing of notice coupled with some other, additional evidence of knowledge will suffice to establish actual notice beyond a reasonable doubt." *Id.* at 1329.

Additionally, with respect to notice of a license suspension, our Supreme Court has stated:

> Factors that a finder of fact may consider in determining circumstantially or directly whether a defendant had actual notice of his or her suspension include, but are not limited to, evidence that the defendant was verbally or in writing apprised of the license suspension during the trial or a plea, statements by the accused indicating knowledge that he or she was driving during the period in which his or her license had been suspended, evidence that PennDOT sent by mail the notice of the suspension to appellant's current address, evidence that PennDOT's notice of suspension was not returned as undeliverable, attempts by the accused to avoid detection or a citation, and any other conduct

- 9 -

demonstrating circumstantially or directly appellant's knowledge of the suspension or awareness of guilt.

*Commonwealth v. Zimmick*, 539 Pa. 548, 555-56, 653 A.2d 1217, 1221 (1995).

Here, the record is devoid of any evidence regarding whether Appellant received notice that the registration of his vehicle had been suspended prior to the date that he was pulled over and issued the citation. The Commonwealth did not present any documentation or testimony indicating that PennDOT mailed a notice of the registration suspension to Appellant's residence. Officer Scheller did not testify that Appellant's demeanor or statements during the traffic stop indicated that he was aware that his vehicle's registration was suspended. The only evidence of record that supports an inference that Appellant had notice of the registration suspension was Officer Scheller's testimony that Appellant did not present proof of registration during the traffic stop. Nevertheless, this fact alone, without more is insufficient to establish that Appellant had actual notice that his registration was suspended. *See Zimmick, supra*; *Crockford, supra*. Thus, the Commonwealth failed to present evidence to establish that Appellant had notice of the suspension of his vehicle's registration, such that the Commonwealth presented insufficient evidence to sustain Appellant's conviction under Section 1371. *See Sebolka, supra*. Accordingly, we reverse Appellant's conviction for driving with a suspended registration and

vacate the judgment of sentence.[2]

Judgment of sentence vacated. Jurisdiction is relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/19/2024

---

[2] Due to our disposition, we need not address Appellant's remaining issues.