**COMMONWEALTH OF PENNSYLVANIA,**
**Appellee,**

v.

**Carelton BREWINGTON, Appellant.**

Superior Court of Pennsylvania.

Argued March 21, 2001.
Filed June 14, 2001.

Salvatore P.J. Vito, Stroudsburg, for appellant.

Robert C. Trichilo, Assistant District Attorney, Stroudsburg, for Com.

Before FORD ELLIOTT, MONTEMURO * and BECK, JJ.

BECK, J.:**

¶ 1 In this case we consider the requirement of actual notice in connection with 75 Pa.C.S.A. § 1543(b), Driving Under Suspension, DUI-related. After careful consideration, we affirm.

¶ 2 On January 4, 2000, appellant was accepted into the Monroe County Accelerated Rehabilitative Disposition (ARD) program in connection with a DUI charge. On that date the trial judge informed him that his driver's license would be suspended and that the effective date of his license suspension was the date he surrendered his license to authorities. Appellant turned in his license to the court on or about January 4, 2000 and the court forwarded it to the Pennsylvania Department of Transportation (PennDOT).[1] Thereafter, appellant received in the mail an official notice of his DUI-related suspension from PennDOT. The notice, dated January 19, 2000, explained that his license was suspended as a result his ARD status. At the bottom of the notice was the following notation:

The effective date of suspension is 02/23/2000, 12:01 a.m.

¶ 3 On February 20, 2000, police stopped appellant in his vehicle for a speeding violation. Appellant produced no license and, upon learning of the suspension through a records check, police charged him with a violation of 75 Pa.C.S.A. 1543(b), Driving Under Suspension, DUI-related. At trial, the Commonwealth presented appellant's certified driver's record which reflected that his license was suspended as of January 4th. Appellant defended the charge, claiming that he thought the PennDOT notice reflected the proper date of his suspension and that he was therefore permitted to drive until February 23rd. The trial court held that the trial judge's clear statement to appellant on January 4, 2000, the date he was accepted into ARD, coupled with the fact that appellant turned his license over to court personnel on that date, precluded him from claiming that he believed his license suspension began at a later date.

¶ 4 Appellant challenges the trial court's conclusion and argues that based on the confusion and ambiguity caused by PennDOT's erroneous letter, his conviction for § 1543(b) cannot stand.

¶ 5 Our scope of review in a license suspension case is whether the trial court's findings are supported by competent evidence of record and whether an error of law or abuse of discretion was committed. *Commonwealth v. Baer*, 452 Pa.Super. 547,

---

* Retired Justice assigned to Superior Court.

** This decision was reached prior to the expiration of Justice Montemuro's assignment to the Superior Court of Pennsylvania.

1. Records from PennDOT, as well as appellant's own brief, appear to establish that appellant turned his license in at the courthouse on the date he was accepted into ARD, January 4, 2000. However, at trial appellant testified that he did not turn his license over to court personnel on that date, but rather did so a few days later, on or about January 10, 2000. This discrepancy in the record is irrelevant to the issue at hand.

682 A.2d 802, 804–05 (1996). We must determine if there was sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Vetrini*, 734 A.2d 404, 406 (Pa.Super.1999).

¶ 6 In order to uphold a § 1543(b) conviction, the Commonwealth must establish that the defendant had actual notice that his license was suspended.[2] *Id.* It is this element that appellant claims was not established. Actual notice "may take the form of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension." *Id.* (quoting *Commonwealth v. Crockford*, 443 Pa.Super. 23, 660 A.2d 1326, 1331 (1995)).

¶ 7 The majority of cases on the issue of actual notice deal with whether the Penn-DOT letter has been mailed to the correct address, whether the defendant actually received the letter and whether there are other indicators of notice in addition to the letter. *See e.g.*, *Commonwealth v. Zimmick*, 539 Pa. 548, 653 A.2d 1217 (1995); *Vetrini, supra; Baer, supra; Commonwealth v. Dietz*, 423 Pa.Super. 366, 621 A.2d 160 (1993). None of these cases address the issue raised here, that is, whether actual notice given in court, followed by the surrender of a license, can be negated

by a subsequent letter from PennDOT setting out an erroneous effective date.

¶ 8 Our analysis of this issue is aided in part by an opinion of the Pennsylvania Supreme Court. In *Commonwealth v. Jenner*, 545 Pa. 445, 681 A.2d 1266 (1996), several defendants challenged their § 1543(b) convictions arguing that at the time they were caught driving, their DUI-related suspensions were not in effect because their prior, non-DUI related suspensions had not yet expired. The court rejected their arguments and observed:

> Appellants argue that their DUI-related suspensions do not become effective until the "effective date" set by the Department. That position would arguably be correct if appellants' licenses had been suspended under Section 1540(b) [setting out the effective date for suspensions that are made by PennDOT] ... However, because appellants' licenses were suspended as the result of DUI convictions, their licenses were revoked under Section 1540(a), which does not provide that suspensions are effective on the "effective date" set by the Department, but provides for immediate suspension on turning over the license (or earlier if the court decrees).

*Id.* at 1271 n10.[3]

¶ 9 The *Jenner* court distinguished violations of § 1543(b), which concern an indi-

---

**2.** The law provides:
Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) ... shall, upon conviction, be guilty of a summary offense and shall be sentenced to a pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.
75 Pa.C.S.A § 1543(b)(1).

**3.** Section 1540(a) provides:

Upon conviction by a court of competent jurisdiction for any offense which calls for mandatory suspension in accordance with section 1532 ..., the court or the district attorney shall require the surrender of any driver's license then held by the defendant and shall forward the driver's license together with a record of the conviction to the department. The suspension or revocation shall be effective upon a date determined by the court or district attorney or upon the date of surrender of the license to the court or the district attorney, whichever shall first occur.
75 Pa.C.S.A. § 1540(a).

vidual who continues to drive after a DUI-related suspension was imposed, from non-DUI related suspensions. It held that in the case of the former, a § 1543(b) violation, a license is deemed to have been suspended "immediate[ly] ... [upon] turning over the license." *Id.*

¶ 10 We recognize that *Jenner* is not directly on point here. This case does not involve multiple suspensions. Instead it involves a clerical error by PennDOT, which contradicted the information already received by appellant. Clearly, Penn-DOT's notice to appellant was erroneous. We find, however, that even though the notice caused confusion for appellant, it was unreasonable for him to conclude that the date of his suspension had changed.

¶ 11 Appellant conceded that the trial judge explicitly told him that his license suspension would commence on the date he turned over the license. He thereafter surrendered his license to the court on or about January 4th. Although the letter from PennDOT was confusing, that confusion should have prompted appellant to inquire about the status of his driving privileges. It should not have prompted him to resume driving without possession of a valid driver's license.

¶ 12 Because the facts of this case constitute "a collection of facts and circumstances that allow the fact finder to infer that [appellant had actual] knowledge of [his] suspension" he is not entitled to appellate relief. *Crockford, supra.*

¶ 13 Judgment of sentence affirmed.