J-S14040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER OWEN ADAMS, | : | |
| | : | |
| Appellant | : | No. 2452 EDA 2014 |

Appeal from the Judgment of Sentence entered on August 15, 2014
in the Court of Common Pleas of Montgomery County,
Criminal Division, No. CP-46-SA-0000322-2013

BEFORE:  DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 16, 2015**

Christopher Owen Adams ("Adams") appeals from the judgment of sentence imposed following his conviction of operating a vehicle while under suspension for driving under the influence.  **See** 75 Pa.C.S.A. § 1543(b)(1).[1] We affirm.

---

[1] Section 1543 states, in pertinent part:

**§ 1543**. **Driving while operating privilege is suspended or revoked.**

* * *

  **(b) Certain offenses.**

> (1) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended … shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b)(1).

After a DUI conviction, the Pennsylvania Department of Transportation ("PennDOT") suspended Adams's license for one year, effective December 20, 2012. On March 4, 2013, Officer Clarence Dickerson ("Officer Dickerson") noticed Adams filling the gas tank of a vehicle at a gas station. Officer Dickerson recognized Adams and checked his license status. Adams's PennDOT records informed Officer Dickerson that Adams's license was suspended. After Adams drove out of the parking lot, Officer Dickerson pulled him over and issued a citation.

Adams challenged the citation. A magisterial district judge found Adams guilty under section 1543(b)(1), sentenced him to 60 days in prison, and ordered him to pay a $500 fine. Adams appealed to the Court of Common Pleas of Montgomery County. Following a trial *de novo*, the trial court found Adams guilty under section 1543(b)(1), sentenced him to 60 days in prison, and imposed a $500 fine. Adams filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Adams raises the following questions for our review:

I. [Whether] the Commonwealth present[ed] sufficient evidence of actual notice of a DUI related suspension to sustain a conviction under § 1543(b) of the [V]ehicle [C]ode?

II. Whether the trial court's verdict was against the weight of the evidence because the Commonwealth did not present evidence of actual notice of a DUI related suspension to sustain a conviction under § 1543(b) of the [V]ehicle [C]ode?

III. Whether the trial court erred in finding that [Adams] should have known that his driver's license was under suspension due to a prior guilty plea to DUI?

IV. Whether [the] trial court erred in finding [Adams] guilty under § 1543(b) of the Vehicle Code because the Commonwealth did not present evidence of actual notice of a DUI related suspension to sustain a conviction under § 1543(b) of the Vehicle Code?

Brief for Appellant at 4.

We will address Adams's first and fourth claims together, because they involve the same question. Adams argues that the Commonwealth did not present sufficient evidence to prove that he received actual notice of his license suspension. *Id.* at 9. He asserts that he never received PennDOT's notice of license suspension in the mail,[2] and therefore, he did not know that his license was suspended at the time of the stop. *Id.* at 13.[3]

In reviewing a challenge to the sufficiency of the evidence,

[w]e must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner[,] is sufficient to support all elements of the [offense]. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.

---

[2] PennDOT's records indicate that the official notice of suspension was mailed on November 15, 2012. Adams's father testified that he was the only person with a key for the mailbox, and that he never received notification from PennDOT regarding Adams's suspension. N.T., 8/29/13, at 12.

[3] Adams concedes that there is enough evidence to demonstrate that he was aware that his driving privilege would be suspended for his DUI conviction at some future date. Brief for Appellant at 10. He argues only that he did not have actual notice that he was subject to suspension on March 4, 2013. *Id.*

*Commonwealth v. Snyder*, 870 A.2d 336, 346 (Pa. Super. 2005) (quotation marks and citations omitted).

"In order to uphold a § 1543(b) conviction, the Commonwealth must establish that the defendant had actual notice that his license was suspended." *Commonwealth v. Brewington*, 779 A.2d 525, 527 (Pa. Super. 2001). The Commonwealth may use either circumstantial or direct evidence to prove actual notice. *Commonwealth v. Zimmick*, 653 A.2d 1217, 1221 (Pa. 1995). Mailing the notice of suspension, without more, is insufficient to prove actual notice. *Commonwealth v. Kane*, 333 A.2d 925, 926 (Pa. 1975). Proof of actual notice "may take the form of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension." *Commonwealth v. Crockford*, 660 A.2d 1326, 1330-31 (Pa. Super. 1995).

Here, the Commonwealth presented sufficient evidence that Adams had actual notice of his license suspension. At the DUI guilty plea sentencing, the court informed Adams that he was to serve a license suspension. *See* N.T., 8/29/13, at 11. Moreover, Adams's driving record indicates that PennDOT mailed notice of his suspension on November 15, 2012. *Id.* at 7. Adams had previously served another license suspension, notice of which was mailed to the same address, which indicates that he is familiar with the suspension process. *See Commonwealth v. Gray*, 514 A.2d 621, 623 (Pa. Super. 1986) (stating that where appellant received

actual notice of his previous suspension by mail, "it is likely that a second notice of suspension mailed to the same address was also received."). Further, Adams and his father visited a local PennDOT office on several occasions to check on the status of Adams's suspension. N.T., 8/29/13, at 12, 15-16. Adams and his father last visited PennDOT in December 2012, which is the month Adams's suspension took effect. **_See id._** at 16. Evidence that PennDOT mailed the notice of suspension to Adams, together with the surrounding circumstances, is sufficient to prove that Adams had actual notice that his license was suspended. **_See Crockford, supra_**.

Adams also raises a challenge to the weight of the evidence, as well as a claim that the trial court erred in finding that he should have known that his license was suspended. However, Adams has not presented any argument relating to these claims, and has not cited to pertinent authorities. **_See_** Pa.R.A.P. 2119(a) (stating that an appellant's argument must include a discussion of and citation to pertinent authorities). Thus, these issues have been waived. **_See Commonwealth v. Johnson_**, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/16/2015</u>