J-S56044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD KENNETH KRAUSE, JR., | : | |
| | : | |
| Appellant | : | No. 476 MDA 2018 |

Appeal from the Judgment of Sentence February 28, 2018
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000333-2017

BEFORE: GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED DECEMBER 03, 2018**

Gerald Kenneth Krause, Jr. ("Krause"), appeals from the judgment of sentence imposed following his convictions of driving under the influence of alcohol ("DUI"), and the summary offense of driving under a DUI-suspended license.[1] We affirm.

In the early morning hours of January 19, 2017, Pennsylvania State Police Trooper Bruce Kleckner ("Trooper Kleckner") began following a black Dodge Durango headed westbound on Route 22 in Jonestown, Pennsylvania. The Durango pulled off the road and stopped in the Jonestown Ag Supply parking lot. Trooper Kleckner turned his vehicle around and observed the Durango for about five minutes. During this time, no one exited from the Durango or opened its doors. At approximately 2:10 a.m., Trooper Kleckner initiated a traffic stop and found that the sole occupant of the vehicle was

---

[1] *See* 75 Pa.C.S.A. §§ 3802(a)(2), 1543(b)(1.1)(i).

Krause. Krause was unable to provide his driver's license and Trooper Kleckner detected indicia of intoxication, *i.e.*, an odor of alcohol, slurred speech, and glazed over eyes. Krause admitted that he had been drinking alcohol. Trooper Kleckner attempted to have Krause perform field sobriety tests, which Krause was unable to complete due to a health condition. Trooper Kleckner took Krause into custody and transported him to the Jonestown Pennsylvania State Police Barracks, where a breath test administered at 2:48 a.m., indicated that Krause had a blood alcohol concentration ("BAC") of .083%. Krause's license was under an alcohol-related suspension at the time of the stop.

After a bench trial, Krause was convicted of DUI and the summary offense of driving under a DUI-suspended license. The trial court sentenced Krause to five days to six months in prison and a $500 fine for the DUI conviction, and a consecutive term of 90 days in prison and a $1,000 fine for the DUI-suspended license conviction. Krause filed no post-sentence motions. Rather, Krause filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Krause raises the following question for our review:

Whether the verdict of guilty on Counts 1 and 2, Driving Under the Influence of Alcohol was against the weight and sufficiency of the evidence and testimony presented at trial?

Brief for Appellant at 4.

Krause challenges both the weight and the sufficiency of the evidence in a single Argument section. *Id.* at 9-12. Specifically, Krause asserts that

the Commonwealth did not present any evidence to prove that Krause was driving the vehicle. Krause alleges that a video he had unintentionally captured on his cellphone during the incident proves that his son Derik, rather than he, was driving the vehicle. *Id.* at 10, 12; *see also id.* at 10 (claiming that Krause's own testimony demonstrated that he was not driving the vehicle); *id.* at 12 (claiming that the video was "uncontroverted" evidence that Krause was not driving the car). Krause contends that the vehicle was parked and the keys were not found at the time of the stop. *Id.* at 11.

Initially, we note that it is improper to conflate weight and sufficiency challenges. *See Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (highlighting the distinctions between the two motions and explaining that "[a] motion . . . that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict." (citation omitted)). Regardless, Krause's challenge to the weight of the evidence is waived due to his failure to raise it before the trial court. *See Commonwealth v. Akrie*, 159 A.3d 982, 989 (Pa. Super. 2017) (reciting that "[a] challenge to the weight of the evidence must first be raised at the trial level (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." (citation and quotation marks omitted)); *see also* Pa.R.Crim.P. 607.

When considering a challenge to the sufficiency of the evidence, the standard we apply is

whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

**Commonwealth v. Johnson**, 192 A.3d 1149, 1155 (Pa. Super. 2018)

(citation omitted).

The Vehicle Code defines DUI, in relevant part, as follows:

**(a) General impairment.—**

\* \* \*

(2) an individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than .10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(2).

To sustain a DUI conviction under Section 3802(a)(2), the Commonwealth must prove that an individual's BAC was at least 0.08% or greater within two hours after the individual has last drove, operated, or been

in actual physical control of a motor vehicle. ***See id.*** § 3802(a)(2). Additionally,

> The term "operate" requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion. Our precedent indicates that a combination of the following factors is required in determining whether a person had "actual physical control" of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle. A determination of actual physical control of a vehicle is based upon the totality of the circumstances. The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle.

***Commonwealth v. Toland***, 995 A.2d 1242, 1246 (Pa. Super. 2010) (citations and some quotation marks omitted).

The Vehicle Code defines Driving under a DUI-suspended license, in relevant part, as follows:

> **(b) Certain offenses.—**
>
>                       \*               \*               \*
>
> (1.1)(i) A person who has an amount of alcohol by weight in his blood that is equal to or greater than .02% at the time of testing . . . and who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 or former section 3731 or because of a violation of section 1547(b)(1) or 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

75 Pa.C.S.A. § 1543(b)(1.1)(i).

- 5 -

Under Section 1543(b)(1.1)(i), "[t]he Commonwealth need not produce direct evidence of driving, but may instead rely on circumstantial evidence creating the inference that the vehicle had been in motion in order to meet its evidentiary burden." ***Commonwealth v. Herb***, 852 A.2d 356, 361 (Pa. Super. 2004) (citation omitted). Additionally, "[t]o sustain a [Section] 1543(b) conviction, the Commonwealth must establish that the defendant had actual notice that his license was suspended." ***Commonwealth v. Brewington***, 779 A.2d 525, 527 (Pa. Super. 2001).

Here, Trooper Kleckner testified that on January 19, 2017, he encountered a Dodge Durango travelling westbound on Old Route 22. N.T., 12/19/17, at 9. He observed the vehicle pull off the road and park in the parking lot of the Jonestown Ag Supply. ***Id.*** Trooper Kleckner turned his vehicle around and continued to observe the Durango for a period of about 5 minutes. ***Id.*** at 10. During this time, he testified that he did not see anyone leave the vehicle or any of its doors open. ***Id.*** at 10-11. Upon conducting the vehicle stop, Trooper Kleckner testified that only Krause was inside the vehicle. ***Id.*** 11-12. Trooper Kleckner also testified that the vehicle's keys were not absent, and that he did not search the vehicle for the keys. ***Id.*** at 22-23.

Trooper Kleckner further testified that Krause had glazed over eyes, slurred speech, and smelled of alcohol. N.T., 12/19/17, at 13. Krause admitted that he had been drinking prior to the vehicle stop, ***id.*** at 26, and

stipulated at trial to the result of the breath test, *id.* at 17, which was conducted within two hours of the stop, *id.* at 16-17. The breath test determined that Krause's BAC was .083%. *Id.* at 18-19. Krause testified that, he was aware that his license was suspended at the time of the stop due to a prior DUI, N.T., 12/19/17, at 25-26, and stipulated to the existence of the suspension at trial, *id.* at 20.

Here, the trial court found Trooper Kleckner's testimony to be credible, and Krause's testimony and the video evidence to be not credible. *See* Trial Court Opinion, 4/30/18, at 11-12; *see also Johnson*, 192 A.3d at 1155 (recognizing that "the trier of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence." (citation omitted)). This evidence, viewed in a light most favorable to the Commonwealth, was sufficient to prove that Krause was in control of the Durango at a time when his BAC exceeded the statutory limit. *See* 75 Pa.C.S.A. § 3802(a)(2); *see also Toland*, 995 A.2d at 1246. Further, the evidence was sufficient to prove that the Durango had been in motion prior to the stop. *See Herb*, 852 A.2d at 361. Finally, the evidence was sufficient to prove that Krause was driving the Durango at a time when he had actual notice that his license was suspended. *See* 75 Pa.C.S.A. 1543(b)(1.1)(i); *see also Brewington*, 779 A.2d at 527. Based upon the foregoing, we conclude that the evidence is sufficient to support Krause's convictions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/03/2018