J-A27015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                         :  PENNSYLVANIA
                                         :
            v.                         :
                                         :
                                         :
JERONIMO ROSADO               :
                                         :
           Appellant           :  No. 401 EDA 2021

Appeal from the Judgment of Sentence Entered March 23, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-SA-0000339-2020

BEFORE:  PANELLA, P.J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:         **FILED FEBRUARY 14, 2022**

Jeronimo Rosado appeals, *pro se*, from the judgment of sentence imposed following a summary appeal hearing that resulted in the affirmance of his convictions of restrictions on use of limited access highways (driving in right lane), driving while operating privilege is suspended (DUI-related), vehicular hazard signal lamps, and depositing waste on a highway.[1] The Commonwealth and the trial court urge us to quash Rosado's appeal. For the reasons discussed *infra*, we decline to do so, and affirm the judgment of sentence.

On August 30, 2020, Pennsylvania State Police Trooper Brian McCabe was patrolling London Grove Township when he observed a vehicle traveling

---

[1] *See* 75 Pa.C.S.A. §§ 3313(d), 1543(b)(1)(i), 4305(a), 3709(a).

in the left lane of a limited access highway. Trooper McCabe searched the vehicle's registration and discovered that the vehicle was registered to Rosado, whose license was suspended for failure to submit to chemical testing. Trooper McCabe initiated a vehicle stop based upon this information. Rosado exited his vehicle upon request, and while speaking to Trooper McCabe, Rosado threw a lit cigarette into the road. Ultimately, Trooper McCabe issued traffic citations for the above-mentioned summary offenses.

On October 9, 2020, a magisterial district court found Rosado guilty of all offenses. On October 20, 2020, Rosado filed a *pro se* summary appeal to the Court of Common Pleas of Chester County. Rosado additionally filed several *pro se* documents, including a motion to dismiss, a motion for discovery, and a motion to suppress.

The trial court conducted a *de novo* hearing on January 20, 2021. At the start of the hearing, the trial court denied Rosado's pre-trial motions. Following the trial *de novo*, the trial court found Rosado guilty of all offenses, and deferred sentencing.[2]

---

[2] We note that following a trial *de novo*, a trial judge generally must sentence a defendant in open court immediately upon conclusion of the trial. **See** Pa.R.Crim.P. 462(G) (stating that a trial judge may defer sentencing proceedings only in cases where the defendant may be sentenced to intermediate punishment, and the delay is necessary to confirm the defendant's eligibility for intermediate punishment); **see also** Pa.R.Crim.P. 704(A)(3). The trial court did not explain its reason for deferring sentencing, nor does the record before us reflect that the court ordered Rosado to undergo an alcohol evaluation. **See** 75 Pa.C.S.A. § 1543(b)(1)(i) (providing for
*(Footnote Continued Next Page)*

On February 3, 2021, Rosado filed a motion for reconsideration of the verdict, which the trial court denied. On February 8, 2021, Rosado filed a *pro se* notice of appeal, which was docketed at 401 EDA 2021. Rosado also filed a petition to proceed *in forma pauperis*, which the trial court denied, stating that the matter was not yet ripe for appeal. Rosado filed another *pro se* notice of appeal on March 1, 2021, referencing the date of the *de novo* hearing.[3]

On March 23, 2021, notwithstanding the notice of appeal pending in this Court, the trial court sentenced Rosado to 90 days' imprisonment for driving while under a DUI-related suspension. The trial court also imposed the mandatory $500 fine.

Rosado filed an application for relief on March 31, 2021, arguing that he was denied his right to appeal and was illegally sentenced after he had filed the instant appeal. On April 19, 2021, the Commonwealth filed an application to quash Rosado's appeal, asserting that Rosado's notice of appeal was

_____

"imprisonment for a period of not less than 60 days nor more than 90 days" for a first conviction of driving while under a DUI-related suspension); 42 Pa.C.S.A. § 9763(c)(1) (providing that "[a]ny person receiving a penalty imposed pursuant to 75 Pa.C.S.[A.] § 1543(b) … may only have probation imposed after undergoing an assessment under 75 Pa.C.S.[A.] § 3814 (relating to drug and alcohol assessments).").

[3] This appeal was docketed at 1708 EDA 2021. On September 3, 2021, this Court issued a rule to show cause why the appeal should not be dismissed as duplicative of the appeal docketed at 401 EDA 2021. Rosado filed a response, arguing that his March 1, 2021 filing was intended as a supplement to the notice of appeal at 401 EDA 2021. This Court thereafter dismissed the appeal docketed at 1708 EDA 2021.

prematurely filed prior to the imposition of sentence. This Court subsequently issued an order denying Rosado's application for relief without prejudice and denying the Commonwealth's application to quash without prejudice. Additionally, this Court directed the trial court to determine Rosado's eligibility for *in forma pauperis* status and court-appointed counsel, and to either appoint Rosado counsel or conduct a waiver hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). The trial court subsequently granted Rosado leave to proceed *in forma pauperis*, and determined, following a waiver hearing, that Rosado wished to proceed with his appeal *pro se*.

On July 28, 2021, this Court issued a rule to show cause why Rosado's appeal should not be quashed, as no order was entered on the docket on February 7, 2021. In his *pro se* response, Rosado argues that he appealed from the entry of the verdict, which, he believes, was made final by the denial of his motion for reconsideration. ***See*** Response to Rule to Show Cause, 8/9/21, at 2 (wherein Rosado indicates that the clerk of courts directed him to write the date February 7, 2021 on his notice of appeal "from the verdict of January 20, 2021, verdict of [s]ummary appeal"); ***see also id.*** at 3 (stating, "a petition for reconsideration was filed February 3, 2021, subsequently denied February 4, 2021, that triggered Exhibit[ B (a copy of the verdict)] to go into effect"). This Court subsequently discharged the rule to show cause and referred the issue to the merits panel for review.

- 4 -

As a preliminary matter, we consider the propriety of the instant appeal. The Commonwealth and the trial court ask us to quash Rosado's appeal as prematurely filed. *See* Commonwealth's Brief at 7-11; Trial Court Opinion, 3/17/21, at 1-2. In criminal actions, which include summary appeals, an appeal properly lies from the judgment of sentence rather than the denial of any post-trial motions. *See Commonwealth v. Lawrence*, 99 A.3d 116, 117 n.1 (Pa. Super. 2014). Instantly, Rosado filed his *pro se* notice of appeal on February 8, 2021, after the entry of the verdict, but prior to the imposition of sentence. While we acknowledge that Rosado's appeal properly lies from the judgement of sentence, the trial court did, in fact, enter a final order after Rosado filed his *pro se* notice of appeal. In light of the unique circumstances of this case, and Rosado's clear attempts to preserve his appellate rights, we will consider Rosado's appeal as though it was properly filed following the entry of the judgment of sentence.[4] *See* Pa.R.A.P. 905(a)(5) (providing that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

---

[4] We have corrected the caption accordingly.

- 5 -

Rosado argues that he did not receive notice of his prior license suspension.[5] **See** Appellant's Brief at 28. Rosado claims that he consistently receives mail addressed to the West Chester Police Department, located at 401 East Gay Street, and his own mail, addressed to 401 *West* Gay Street, is often delayed or does not arrive. **See id.**

Rosado's claim presents a challenge to the sufficiency of the evidence. **See generally Commonwealth v. Harden**, 103 A.3d 107, 111 (Pa. Super. 2014). We review challenges to the sufficiency of the evidence with great deference to the credibility determinations of the fact finder:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record

---

[5] Rosado identifies four issues in his statement of questions involved. However, Rosado provides argument only as to his actual notice claim. Accordingly, his remaining claims are waived. **See** Pa.R.A.P. 2119(a) (providing that the argument section of an appellate brief "shall be divided into as many parts as there are questions to be argued …, followed by such discussion and citation of authorities as are deemed pertinent."); **see also Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa. Super. 2014) (concluding that appellant waived his claim by failing to adequately develop his argument or provide citation to and discussion of relevant authority).

must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Id.* (citation and brackets omitted).

Rosado was convicted of driving while under a DUI-related suspension pursuant to 75 Pa.C.S.A. § 1543(b)(1)(i):

A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, **because of a violation of section 1547(b)(1) (relating to suspension for refusal)** … shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b)(1)(i) (emphasis added).

The Commonwealth must prove that the defendant had actual notice of his license suspension in order to sustain a conviction under section 1543. *See Commonwealth v. Brewington*, 779 A.2d 525, 527 (Pa. Super. 2001). Actual notice may be established through either direct or circumstantial evidence. *See Commonwealth v. Zimmick*, 653 A.2d 1217, 1221 (Pa. 1995); *see also Brewington*, 779 A.2d at 527 (stating that "[a]ctual notice may take the form of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension." (citation and quotation marks omitted)).

During the trial *de novo*, Officer McCabe testified that on August 30, 2020, he observed a vehicle "traveling in the left lane of a limited access highway with no other vehicles present on the roadway." N.T., Summary Appeal, 1/20/21, at 8. When Officer McCabe verified the vehicle's registration, he learned that the vehicle was registered to Rosado, and that Rosado had a DUI-related license suspension at that time. *See id.* at 8-9. Officer McCabe initiated a traffic stop based on that information. *See id.* at 9. Officer McCabe testified that when he asked Rosado for his license, registration and insurance, Rosado indicated that he did not have a license and supplied a photo identification card instead. *See id.* Specifically, Officer McCabe testified that Rosado had stated that his license was suspended based on DUI charges. *See id.* at 10.

The Commonwealth also introduced into evidence a copy of Rosado's certified driving record. *See id.* at 12 (wherein Rosado's certified driver history was admitted into evidence as Commonwealth's Exhibit 1); *see also* Commonwealth's Exhibit 1 (PennDOT Certified Driver History as of 1/20/21). Rosado's driving record includes a multitude of prior violations and suspensions, including several suspensions for driving with a suspended license. *See* Commonwealth's Exhibit 1 (PennDOT Certified Driver History as of 1/20/21), at 2-10. The record indicates that on July 21, 2017, Rosado was issued a citation under 75 Pa.C.S.A. § 1547, for refusal of chemical testing,

which resulted in a license suspension effective starting January 25, 2030.[6]

**See id.** at 9-10. The record reflects that PennDOT mailed the notice of this license suspension to Rosado on August 30, 2017. **See id.** at 10; **see also id.** at 1 (correctly identifying Rosado's address as 401 *West* Gay Street). Further, during the trial *de novo*, Rosado acknowledged that he presented only an identification card to Trooper McCabe, and stated, "I never applied for a driver's license…." N.T., Summary Appeal, 1/20/21, at 16-17. Evidence that PennDOT mailed the notice of suspension to Rosado, together with the surrounding circumstances, was sufficient to support the court's finding that Rosado had actual notice that his license was suspended. **See Harden**, 103 A.3d at 114-15 (concluding that appellant's history of suspensions for prior violations, as detailed in his certified driving record, supported an inference of

---

[6] The record reflects an additional driving under suspension violation on July 31, 2018. **See** Commonwealth's Exhibit 1 (PennDOT Certified Driver History as of 1/20/21), at 10. For this violation, Rosado received a one-year license suspension, with an effective date of January 25, 2031. **Id.** at 10. During the trial *de novo*, the trial court asked about the effective date, and the district attorney explained that it was result of all of Rosado's prior suspensions. **See** N.T., Summary Appeal, 1/20/21, at 27-28; **see also** 75 Pa.C.S.A. § 1544(b) (providing that when an additional suspension is assessed during a period of suspension, the existing suspension will be extended); **Commonwealth v. Jenner**, 681 A.2d 1266, 1270 (Pa. 1996) (explaining that license suspensions are not tolled until all earlier suspensions are completed). Notwithstanding the anticipatory effective date of Rosado's section 1547 suspension, the law is clear that "once a driver is notified of a DUI-related suspension, 'he is subject to the enhanced sentencing provisions of § 1543(b) **for the duration of any prior periods of suspension** or revocation until the completion of the DUI-related suspension.'" **Harden**, 103 A.3d at 112 (emphasis in original) (citing **Jenner**, 681 A.2d at 1273-74).

actual knowledge of his license suspension). Accordingly, Rosado is not entitled to relief on his claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2022