J-S19020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK LEWIS WETZEL | : | |
| | : | |
| Appellant | : | No. 708 MDA 2023 |

Appeal from the Order Entered May 13, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003288-2021

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY BECK, J.:                          **FILED: JULY 2, 2024**

Mark Lewis Wetzel ("Wetzel") appeals from the judgment of sentence imposed by the Court of Common Pleas of York County ("trial court") following his conviction of driving while operating privilege is suspended.[1]  On appeal, Wetzel challenges the sufficiency of the evidence to support his conviction. After careful review, we affirm.

The record reflects that Wetzel had a history of driver's license suspensions, including two related to driving under the influence ("DUI").  Of relevance here, Wetzel's license was suspended for one year, effective April 27, 2020.  Further, Rebecca Gominger, Wetzel's estranged wife, obtained a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 1543(b)(1)(ii).

protection from abuse ("PFA") order against Wetzel, which was effective November 19, 2020, through November 19, 2026, and limited his contact with Gominger.

On February 10, 2021, Wetzel repeatedly called Gominger and asked her for a ride to prison. Gominger eventually agreed to meet Wetzel at a home they owned together. Wetzel drove to the home in his truck and gave Gominger a firearm, which she had previously requested pursuant to the PFA order.

Subsequently, the Commonwealth charged Wetzel with firearms not to be carried without a license, persons not to possess firearms, and driving while operating privilege suspended (DUI-related). The case proceeded to a jury trial, after which the jury found Wetzel not guilty of the firearms charges. Thereafter, the trial court found Wetzel guilty of driving while operating privilege is suspended. On May 13, 2022, the trial court sentenced Wetzel to pay a $1,000 fine.[2]

_____

[2] The trial court sentenced Wetzel pursuant to 75 Pa.C.S. § 1543(b)(1)(ii), which states that "a person shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for not less than 90 days." 75 Pa.C.S. § 1543(b)(1)(ii). Recently, this Court held that the imposition of a prison term under section 1543(b)(1)(ii) is illegal because the statutory language "does not provide for a maximum term of incarceration," and thus concluding "it is unconstitutionally vague and inoperable for the same reasons expressed in [**Commonwealth v. Eid**, 249 A.3d 1030 (Pa. 2021) (holding that the language "not less than 90 days" does not provide for a maximum term of incarceration and is therefore "unconstitutionally vague and inoperable")]." **Commonwealth v. Jackson**, 271 A.3d 1286, 1288 (Pa. Super. 2022).

Wetzel filed a timely appeal and both Wetzel and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925(b).

Wetzel raises a single question for our review:

Whether the evidence was insufficient to sustain [] Wetzel's conviction for driving under suspension where the Commonwealth failed to prove Wetzel had actual notice of a DUI-related suspension, because it showed only that he thought his license was "invalid" for an unspecified reason, that his license was suspended at the relevant time, and notice was mailed to him on a certain date[?]

Wetzel's Brief at 4.

Our court's standard of review of a challenge to the sufficiency of the evidence is well settled:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn. Therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

**Commonwealth v. Juray**, 275 A.3d 1037, 1042 (Pa. Super. 2022) (quotation marks and citations omitted).

Relevantly, a conviction of driving while under suspension requires the Commonwealth to prove that the defendant was driving a vehicle on any highway or trafficway after his operating privileges had been suspended for a DUI violation, and the defendant had actual notice of his license suspension. **Commonwealth v. Peralta**, 311 A.3d 1, 8 (Pa. Super. 2024); **see also** 75 Pa.C.S. § 1543(b)(1). Notice is "a judicially created element, designed to

- 3 -

protect a defendant's due process rights." **Peralta**, 311 A.3d at 8 (citation omitted). Actual notice may be established through direct or circumstantial evidence. **Commonwealth v. Brewington**, 779 A.2d 525, 527 (Pa. Super. 2001).

Wetzel argues the evidence was insufficient to sustain his driving under suspension conviction because the Commonwealth failed to prove that he had actual notice of his DUI-related suspension. Wetzel's Brief at 9, 15. According to Wetzel, there was no evidence presented at trial to establish that he received the mailed notice of the suspension, that he lived at the location where mail was delivered, or that he knew that his license was suspended for DUI-related issues. **Id.** at 9. Wetzel contends that the Commonwealth only presented evidence that the license had been suspended and the date of mailing the suspension notice. **Id.** at 12. Wetzel asserts the fact he may have known the license was invalid does not establish notice. **Id.** at 12, 13, 14. Wetzel further points to his many suspensions, claiming that there is no indication in the driving record that his license had been restored after a non-DUI suspension; therefore, he contends that the evidence could establish that he believed he had an invalid license as a result of that non-DUI-related suspension. **Id.** at 14-15.

As Wetzel's sufficiency claim is based solely on the element of actual notice, we will confine our analysis to that element as well. The record reflects that on February 10, 2021, Wetzel met with Gominger at a home they co-

owned. N.T., 5/12-13/2022, at 4. Gominger testified that Wetzel drove a tan pickup truck to meet her at the house. *Id.* at 5. Gominger indicated Wetzel got out of the driver's side door of the truck. *Id.* at 6.

When interviewed by Officer Stuck, Wetzel denied driving, and instead stated that he was dropped off at the home by a friend but could not remember which one. *Id.* at 30. Officer Stuck also testified that Wetzel stated that he did not use the truck and that he typically rides an electric bike around because he does not have a valid driver's license. *Id.* at 31. Officer Stuck noted, however, that Wetzel admitted to using the truck when it rains. *Id.*

The record further reflects that the parties stipulated to the admission of Wetzel's driving record, agreeing it was accurate and authentic. *Id.* at 39-40 (citing Commonwealth Ex. 3). The driving record indicated that Wetzel's driver's license has been suspended on six different occasions. PennDOT Certified Driver History, 2/10/2021, at 2-3. Notably, Wetzel had two suspensions based upon DUI offenses, including, in pertinent part, one in June 2019, which resulted in a one-year suspension effective April 27, 2020. *Id.* Notice of this suspension was mailed to Wetzel on August 29, 2019. *Id.* at 3. Wetzel apparently mailed his license back to the Department of Transportation in response to the notice. *See id.* (noting that PennDOT had received Wetzel's license).

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the record supports a finding that Wetzel had actual notice

of his license suspension. Although Wetzel testified at trial, he only claimed that he did not drive on the day in question. He presented no testimony or other evidence to support a finding that the notice of suspension was sent to the wrong address or that he did not receive it. To the contrary, the record reflects that, after receiving notice of the DUI-related suspension, Wetzel mailed his license back to the Department of Transportation. Additionally, Stuck testified that Wetzel admitted he did not have a valid driver's license. Therefore, we conclude that there was sufficient evidence presented to support Wetzel's conviction. **See Harden**, 103 A.3d at 114 (concluding that a long history of driver's license suspensions in addition to mailed notice and failure to produce photographic identification at a traffic stop is enough to support an inference of knowledge); **see also Commonwealth v. Gray**, 514 A.2d 621, 622 (Pa. Super. 1986) (concluding that actual notice of suspension was established where the suspension was mailed to the correct address, defendant had previously surrendered their driver's license and did not have the license on him when stopped).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/02/2024